UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

             Plaintiff,

                 v.

DRAGADOS/JUDLAU, A JOINT VENTURE,
JUDLAU CONTRACTING, INC., and
DRAGADOS USA, INC,

             Defendants.

-----------------------------------------------------------------X

12 Civ. 2563 (LTS)

**STIPULATION AND
ORDER OF DISMISSAL**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 4 2012
```

WHEREAS, the United States of America ("United States") commenced this action by

filing a complaint in this Court (the "Complaint") against Judlau Contracting, Inc. ("Judlau"),

Dragados USA, Inc. ( "Dragados"), and Dragados/Judlau, a Joint Venture (the "Joint Venture")

(collectively, "Defendants"), under the False Claims Act and common law arising from

Defendants' violation of United States Department of Transportation's ("DOT") regulations

designed to require the participation of disadvantaged business enterprises ("DBEs") in DOT

funded and/or subsidized contracts (the "DBE regulations");

WHEREAS, the DBE regulations are intended to provide opportunities for businesses

owned by socially and economically disadvantaged individuals, such as minorities and/or women,

possessing the required skills, to perform work on construction projects funded, at least in part, by

the federal government;

WHEREAS, the United States contends that it has certain civil claims against the

Defendants under the False Claims Act, codified at 31 U.S.C. §§ 3729-3733, and the common law,

as specified below, for engaging in the following conduct (collectively the "Covered Conduct"):

Defendants engaged in fraudulent conduct designed to avoid their obligation to use DBEs to

perform work on the federally-funded project of constructing a tunnel connecting the Long Island Railroad to Grand Central Station (the "East Side Access Project") through deceit and subterfuge by pretending to subcontract work to DBEs, while in fact arranging for the work to be performed by non-DBE subcontractors. The complaint further alleges that Defendants falsely certified that the requisite amount of work was being performed by DBE entities when they knew it was not, and knowingly, or with reckless disregard of the truth, presented and/or caused to be presented false or fraudulent claims for payment to the Metropolitan Transportation Authority ("MTA"), a recipient of federal funds;

WHEREAS, the United States seeks damages and civil penalties against Defendants under the False Claims Act, 31 U.S.C. §§ 3729-33, and common law;

WHEREAS, Defendants reported issues regarding compliance with the DBE Regulations to the MTA in 2009.

WHEREAS, the parties desire to reach a full and final settlement and compromise of the claims that the United States asserts against Defendants by entering into this stipulation of settlement (the "Stipulation");

NOW, THEREFORE, it is hereby ORDERED as follows:

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2.       Defendants shall pay $6,500,000 to the United States (the "United States Settlement Amount") by electronic funds transfer, pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York, within fifteen (15) days of the entry of this Stipulation by the court.

3.       Defendants shall pay $1,000,000 to the MTA's Office of the Inspector General ("MTA OIG") (the "Investigative Costs Amount") by electronic funds transfer, pursuant to written instructions to be provided by MTA OIG, to cover the investigative costs incurred in this matter

within fifteen (15) days of the entry of this Stipulation by the court.

4.      The Joint Venture admits, acknowledges, and accepts responsibility for the fact that, between 2006 and 2008, monthly requisition forms and progress reports were submitted to the MTA by representatives of the Joint Venture acting on its behalf that represented that certain DBEs were performing certain work and being paid a certain amount under the East Side Access Contract when, in fact, payment was made to certain DBEs for participation as DBEs in instances and under circumstances where these firms did not qualify for consideration as DBEs for which the Joint Venture could claim credit, in violation of the Contract and the DBE Regulations.

5.      Subject to the exceptions in paragraphs 7, in consideration of the obligations of the Defendants set forth in this Stipulation, upon payment in full of the Settlement Amount, and subject to Paragraph 14 below (concerning bankruptcy proceedings commenced within 91 days of the Effective date of this Stipulation) the United States agrees to release the Defendants and all of their current and former employees, related entities, representatives, officers and directors, from any civil monetary claim arising from the Covered Conduct that the United States has or may have against the Defendants under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, and fraud.

6.      Subject to the exceptions in paragraph 7, in consideration of the obligations of the Defendants set forth in this Stipulation, upon payment in full of the Investigative Costs Amount, and subject to Paragraph 14 below (concerning bankruptcy proceedings commenced within 91 days of the Effective date of this Stipulation), MTA OIG agrees to release the Defendants and all of their current and former employees, related entities, representatives, officers and directors, from the obligation to reimburse MTA OIG for investigative costs stemming from the Covered Conduct.

7.      Notwithstanding any term of this Stipulation and Order, including the releases

provided in paragraphs 5 and 6, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order:

    a.    Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b.    Any civil, criminal or administrative liability arising under New York State Tax Law;

    c.    Any criminal liability;

    d.    Any administrative liability;

    e.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    f.    Any liability based upon such obligations as are created by this Stipulation; and

    g.    Any liability to the United States of any person or entity, including but not limited to any joint tortfeasor, who or that is not released by the terms of this Stipulation.

8.    The Defendants shall be in default of this Stipulation if they fail to make the payments set forth in paragraphs 2 and 3. The United States will provide written notice of the default, to be sent by first-class mail to the undersigned attorneys for each of the Defendants. In the event of default, the Settlement Amount and the Investigative Costs Amount shall be immediately due and payable, and interest shall accrue at the rate of 5% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default. If the Settlement Amount and Investigative Costs Amount, with all accrued interest, are not paid in full within seven (7) business days after delivery of the notice of default, the United States may, at its option: (a) seek specific performance of the Stipulation; (b) offset the remaining

unpaid balance of the Settlement Amount from any amounts due and owing the Defendants by any department, agency or agent of the United States at the time of default; (c) reinstate this lawsuit; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. The Defendants shall not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, the Defendants shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, the Defendants shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent those defenses were available on date of the filing of the complaint in this action.

9.      The Defendants waive and will not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the United States Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of the Stipulation constitutes an agreement by the United States or MTA OIG concerning the characterization of the Settlement Amount or the Investigative Costs Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code or New York State Tax Law.

10.      The Defendants agree that this Stipulation is not punitive in purpose or effect.

11.      The Defendants fully and finally release the United States, its agencies, departments, employees, servants, and agents from any claims (including attorneys' fees, costs,

and expenses of every kind and however denominated) which the Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, departments, employees, servants, and agents related to the Covered Conduct, and the United States' investigation and prosecution thereof, and this Stipulation.

12.     This Stipulation is intended to be for the benefit of the parties only. The parties do not release any claims against any other person or entity, except as provided in this Stipulation. Until the Settlement Amount and Investigative Costs Amount are fully satisfied, the Defendants shall maintain custody of, or make arrangements to have maintained, all documents and records of the Defendants related to the Covered Conduct.

13.     The Defendants expressly warrant that they have reviewed their financial situation and that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and will not become insolvent following their payments of the U.S. Settlement Amount and the Investigative Costs Amount to the United States and the MTA OIG respectively hereunder. Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation, such parties (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to the Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange. Further, the parties warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonable equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which the Defendants were or became indebted to on or after the date of these transfers, all within the meaning of 11 U.S.C. § 548(a)(1).

14.     If, within 91 days of the effective date of this Stipulation or within 91 days of any

payment under this Stipulation, the Defendants commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors: (i) seeking to have any order for relief of the Defendants' debts; (ii) seeking to adjudicate any of the Defendants as bankrupt or insolvent; or (iii) seeking appointment of a receiver, trustee, custodian or other similar official for either of the Defendants or for all or any substantial part of their assets, then:

a.    Defendants' obligations under this Stipulation shall not be avoided pursuant to 11 U.S.C. § 547, and the Defendants shall not argue or otherwise take the position in any such case, proceeding or other action that: (i) the Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) the Defendants were insolvent at the time this Stipulation was entered into, or became insolvent as a result of the payments made to the United States and/or MTA OIG hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to the Defendants.

b.    In the event that the Defendants' obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States and/or MTA OIG, at their sole option, may rescind its agreement to this Stipulation, and bring any civil and/or administrative claim, action or proceeding against the Defendants for the claims that would otherwise be covered by the releases provided in paragraphs 5 and 6, above. The Defendants: (i) shall not contend that any such claims, actions or proceedings brought by the United States are subject to an automatic stay pursuant to 11 U.S.C. § 362(a) as a result of the action, case or proceeding described in the

first clause of this paragraph; (ii) the Defendants shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought by the United States or the State within thirty (30) calendar days of written notification to the Defendants that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on the date the complaint was filed in this action; (iii) the Defendants shall not contest the validity of a claim filed by the United States against the Defendants in the amount of $6,500,000 and the United States may pursue its claims in the case, action or proceeding referenced in the first clause of this paragraph, as well as any other case, action, or proceeding; and (iv) the Defendants shall not contest the validity of a claim filed by the MTA OIG against the Defendants in the amount of $1,000,000 million and MTA OIG may pursue its claims in the case, action or proceeding referenced in the first clause of this paragraph, as well as any other case, action, or proceeding.

c.      The Defendants' agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation.

15.     Except as expressly provided to the contrary in this Stipulation, the United States, MTA OIG and Defendants shall each bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

16.     This Stipulation is governed by the laws of New York State without regard to choice of law or conflict of laws principles. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation as it relates to this action, will be the United States District Court for the Southern District of New York. The

parties waive any objection that any of them may now have or hereafter may have to this venue, whether concerning this Stipulation or for any related suit, action or proceeding, and irrevocably consent to the jurisdiction of this Court and agree to accept and acknowledge service in any such suit, action or proceeding.

17.     For purposes of construction, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

18.     Any failure by the United States or the MTA OIG to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States and the MTA OIG, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

19.     If any part of this Stipulation shall for any reason be found or held invalid or unenforceable by any court of competent jurisdiction, such invalidity or unenforceability shall not affect the remainder of this Stipulation, which shall survive and be construed as if such invalid unenforceable part had not been contained herein.

20.     This Stipulation constitutes the complete agreement between the parties. This Stipulation may not be amended, changed, modified or waived except in writing signed by all parties or their authorized representatives.

21.     The individuals signing the Stipulation on behalf of the Defendants represent and warrant that they are authorized, respectively, by the Defendants to execute this Stipulation. The undersigned signatories for the United States and the MTA OIG represent that they are signing this Stipulation in their official capacities and that they are authorized to execute this Stipulation.

22.     This Stipulation may be executed in counterparts, each of which constitutes an

original and all of which constitute one and the same agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

23.     This Stipulation is binding on the Defendants' successors, transferees, heirs, and assigns.

24.     None of the Defendants waives any right to pursue any potential legal remedies against each other that may exist as a result of the conduct alleged in this complaint.

25.     The Complaint is hereby dismissed, without prejudice to reinstatement in accordance with Paragraph 8 of this Stipulation.

26.     Any notices pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be given by hand delivery, express courier, or facsimile transmission followed by postage prepaid mail, and shall be addressed as follows:

**IF TO THE UNITED STATES:**
Lara K. Eshkenazi
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Facsimile: (212) 637-2730

**IF TO THE MTA OIG:**
Office of the Inspector General
Metropolitan Transportation Authority
Two Penn Plaza, 5th Floor
New York, New York 10121
Facsimile: (212) 878-0105

**IF TO DEFENDANTS DRAGADOS AND THE JOINT VENTURE:**
Thomas J. Curran
Peckar & Abramson, P.C.
41 Madison Avenue, 20th Floor
New York, NY 10010
Facsimile: (212) 382-3456

**IF TO DEFENDANTS JUDLAU:**

Mark Rosen
McElroy, Deutsch, Mulvaney &Carpenter, LLP
88 Pine Street, 24th Floor
New York, NY 10005
Facsimile: (212) 483-9129

The Defendants represent that this Stipulation and Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and upon due deliberation with the advice of counsel.

Dated: New York, New York
      April 3, 2012

        BARRY KLUGER
        Inspector General
        Metropolitan Transit Authority

By:                     

        C. CLIFFORD BROCK
        Chief, Construction Fraud Unit
        Office of the Inspector General
        MTA
        Two Penn Plaza, 5th Floor
        New York, NY 10121
        Telephone: (212) 878-0099
        Facsimile: (212) 878-0105
        Email: cbrock@mtaig.org

Dated: New York, New York
      April 4, 2012

        PREET BHARARA
        United States Attorney for the
        Southern District of New York

By:                     

        LARA K. ESHKENAZI
        MARA E. TRAGER
        ELLEN M. LONDON
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2758/2799/2737
        Facsimile: (212) 637-2730
        Email: lara.eshkenazi@usdoj.gov
                     mara.trager@usdoj.gov
                     ellen.london@usdoj.gov

Dated: New York, NY
      April __, 2012

        PECKAR & ABRAMSON
        Attorneys for Defendant
        Dragados USA, Inc. and
        Dragados/Judlau, a Joint Venture

By:                     

        THOMAS J. CURRAN
        Peckar & Abramson, P.C.
        41 Madison Avenue, 20th Fl.
        New York, NY 10010
        Telephone: (212) 382-0909
        Facsimile: (212) 382-3456
        Email: tcurran@pecklaw.com

Dated: New York, NY
      April __, 2012

        McELROY, DEUTSCH, MULVANEY
          & CARPENTER
        Attorneys for Defendant
        Judlau Contracting, Inc.

By:                     

        MARK A. ROSEN
        McElroy, Deutsch, Mulvaney & Carpenter
        88 Pine Street, 24th Fl.
        New York, NY 10010
        Telephone: (212) 483-9490
        Facsimile: (212) 483-9129
        Email: mrosen@mdmc-law.com

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

The Defendants represent that this Stipulation and Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and upon due deliberation with the advice of counsel.

Dated: New York, New York
      April __, 2012

      BARRY KLUGER
      Inspector General
      Metropolitan Transit Authority

By: _____
      C. CLIFFORD BROCK
      Chief, Construction Fraud Unit
      Office of the Inspector General
      MTA
      Two Penn Plaza, 5th Floor
      New York, NY 10121
      Telephone: (212) 878-0099
      Facsimile: (212) 878-0105
      Email: cbrock@mtaig.org

Dated: New York, New York
      April __, 2012

      PREET BHARARA
      United States Attorney for the
      Southern District of New York

By: _____
      LARA K. ESHKENAZI
      MARA E. TRAGER
      ELLEN M. LONDON
      Assistant United States Attorneys
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Telephone: (212) 637-2758/2799/2737
      Facsimile: (212) 637-2730
      Email:  lara.eshkenazi@usdoj.gov
              mara.trager@usdoj.gov
              ellen.london@usdoj.gov

Dated: New York, NY
      April 4, 2012

      PECKAR & ABRAMSON
      Attorneys for Defendant
      Dragados USA, Inc. and
      Dragados/Judlau, a Joint Venture

By: _____
      THOMAS J. CURRAN
      Peckar & Abramson, P.C.
      41 Madison Avenue, 20th Fl.
      New York, NY 10010
      Telephone: (212) 382-0909
      Facsimile: (212) 382-3456
      Email: tcurran@pecklaw.com

Dated: New York, NY
      April 5, 2012

      McELROY, DEUTSCH, MULVANEY
        & CARPENTER
      Attorneys for Defendant
      Judlau Contracting, Inc.

By: _____
      MARK A. ROSEN
      McElroy, Deutsch, Mulvaney & Carpenter
      88 Pine Street, 24th Fl.
      New York, NY 10010
      Telephone: (212) 483-9490
      Facsimile: (212) 483-9129
      Email: mrosen@mdmc-law.com

The Clerk of Court is requested to close this case.

SO ORDERED:

_____   April 4, 2012
UNITED STATES DISTRICT COURT JUDGE